# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHARON GLASSBROOK,

       Plaintiff,

v.                                     Case No. 13-10152

ROSE ACCEPTANCE, INC., et al.,

       Defendants.

_____/

## ORDER AND OPINION DENYING DEFENDANT'S MOTION TO DISMISS

Plaintiff Sharon Glassbrook sues First National Bank of America ("FNBA") and its wholly owned subsidiary, Rose Acceptance, Inc. ("Rose").  Plaintiff alleges two counts: (i) willful or knowing violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and (ii) "not willful or knowing" violations of the TCPA.  (Pg ID 103.) Defendants move to dismiss the complaint.  The matter is fully briefed, and no hearing is needed.  *See* E.D. Mich. LR 7.1(f)(2).  For the following reasons, Defendants' motion to dismiss will be denied.

## I.  BACKGROUND

Plaintiff and FNBA entered into a mortgage agreement for the purchase of a home on December 26, 2007.  "After several months," (Pg ID 94), Plaintiff became delinquent on her monthly payments.  In late May of 2010, FNBA allegedly assigned the mortgage to Rose but no record of such an assignment has been provided.  On June 29, 2010, Rose commenced a judicial foreclosure action against Plaintiff in Lapeer County Circuit Court.  Shortly thereafter, Rose filed a notice of dismissal without

prejudice.  However, after FNBA initiated foreclosure by advertisement proceedings, on July 27, 2011, the property was sold at a foreclosure sale.

On May 18, 2012, Plaintiff sued Defendants in Lapeer County Circuit Court asserting that their efforts to collect on the mortgage note and to foreclose on the property were improper.  Specifically, Plaintiff alleged nine counts: (i) violations of the Michigan Foreclosure by Advertisement Act, (ii) violations of the Michigan Occupational Code, (iii) violations of the Fair Debt Collection Practices Act, (iv) violations of the Michigan Regulation of Collection Practices Act, (v) promissory estoppel, (vi) injunctive relief, (vii) quiet title, (viii) declaratory relief, and (ix) breach of contract.  On December 11, 2012, Plaintiff filed a motion requesting, among other things, to amend her complaint, and attached a proposed first amended complaint.  In her motion, Plaintiff explained that a deponent ("a witness designated by Defendant FNBA and Rose") "produced information that has caused Plaintiff to believe that several other causes of action exist in this matter including: Claims under the [TCPA] against Defendants."  (Pg ID 274.)  Plaintiff's proposed first amended complaint contained two additional counts: violations of the TCPA (willful or knowing), and violations of the TCPA (not willful or knowing).  However, before filing her proposed first amended complaint, on February 24, 2013, Plaintiff withdrew her TCPA allegations.  Plaintiff's notice of withdrawal states: "Plaintiff now withdraws the [TCPA] allegations in her proposed first amended complaint, which includes related factual allegations along with the related causes of action."  (Pg ID 315.)

On July 2, 2013, the Lapeer Country Circuit Court granted Defendants' motion for partial disposition.  On August 15, 2013, the Lapeer County Circuit Court granted

2

Defendants' motion for summary disposition with respect to the remaining claims and dismissed Plaintiff's case with prejudice.

Prior to the Lapeer County Circuit Court's dismissal, on January 15, 2013, Plaintiff initiated the present action in federal court. Plaintiff's two claims are nearly identical to the two claims she withdrew from her proposed first amended Lapeer County Circuit Court complaint. In the claims and related factual allegations that she withdrew from her proposed first amended state-court complaint and in the claims and related factual allegations contained in the present complaint, Plaintiff states that she received unauthorized calls and text messages from Defendants on her cellular phone, that an automatic dialing system generated those calls and text messages, and that she received artificial or prerecorded calls and text messages from Defendants on her cellular phone.

On August 30, 2013, Defendants moved to dismiss. Defendants' sole assertion is that *res judicata* bars Plaintiff's claims.

## II. STANDARD

Federal Rule of Civil Procedure 8(a)(2), requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" In order to survive Defendants' motion to dismiss, the complaint must allege "[f]actual allegations . . . enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Only a complaint that states a plausible claim for relief can survive a motion to dismiss, and "[a] claim has facial plausibility when the plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.

*Id.* at 679 (citation, brackets, and internal quotation marks omitted).

"In determining whether to grant a [motion to dismiss], the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (quotation marks, citation, and emphasis omitted).  The Sixth Circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir.1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993)).  Moreover, the Sixth Circuit has stated that "[a] court may consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion." *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (internal citation omitted).  "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Weiner*, 108 F.3d at 89.  Accordingly, the court may consider the various documents from the related state court case that Defendants attached to their motion to dismiss.

4

## III.  DISCUSSION

The TCPA prohibits making calls using "any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service."  47 U.S.C. §227 (b)(1)(A)(iii).  Defendants argue that *res judicata* bars Plaintiffs' TCPA claims.  The Full Faith and Credit Act, 28 U.S.C. § 1738, requires a federal court to give a state-court judgment "the same preclusive effect it would have under the law of the state whose court issued the judgment."  *Heyliger v. State Univ. and Cmty. College Sys. of Tennessee*, 126 F.3d 849 851–52 (6th Cir. 1997) (citing *Migra v. Warren City School Dist.,* 465 U.S. 75, 81 (1984); *Allen v. McCurry,* 449 U.S. 90, 96 (1980)).  Therefore, Michigan law applies to this matter.

The doctrine of *res judicata* is employed to prevent multiple suits litigating the same cause of action.  *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004).  Under Michigan law, the doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.  *Id*. Michigan courts take a broad approach to the doctrine of *res judicata*, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.  *Id*.

Plaintiff argues that Defendants' *res judicata* argument fails because the third element of the test—that the matter in the second case was, or could have been, resolved in the first—is not satisfied.  She maintains that the instant action arises out of a wholly separate and distinct set of operative facts than her first state-court action.

5

Plaintiff argues that the operative facts of her state-court claims "related solely to Defendants' handing of Plaintiff's loan and foreclosure on her property, and have nothing to do with telephone calls or text messages." (Pg ID 399.) Defendants counter that both of Plaintiff's actions are related to Defendants' attempt to collect on the same note and that the instant TCPA claims were known to Plaintiff at the time she filed her first action and should have been raised at that time.

As indicated above, in evaluating whether a claim should have been brought in a prior action, courts in Michigan use the "transactional" test. *Adair,* 680 N.W.2d at 397–98. Under the broad transactional test, *res judicata* applies "not only to points upon which the court was required to form an opinion . . . but to every point which properly belonged to the subject of the litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Dubuc v. Green Oak Twp.,* 117 F. Supp. 2d 610, 622 (E.D. Mich. 2000) (holding that *res judicata* bars not only claims already litigated, but also every claim arising from the same transaction that the parties, with reasonable diligence, could have raised but did not). Whether a factual grouping constitutes a "transaction" for purposes of *res judicata* is to be determined by considering whether the facts are related in "time, space, origin or motivation [and] whether they form a convenient trial unit." *Adair,* 680 N.W.2d at 398.

The court begins its analysis with an examination of the above-mentioned factors. First, both of Plaintiff's suits originate from the same purported misconduct, i.e., Defendants allegedly improper attempt to collect from Plaintiff on the same mortgage note. Both sets of claims find their basis in Plaintiff's mortgage note, and both actions allege an improper effort to collect Plaintiff's debt. But for the existence of the mortgage

6

note, Defendants would not have foreclosed on Plaintiff's property or attempted to collect on her debt via automated calls and text messages.  As Defendants characterize it, Plaintiff is attempting to draw a distinction between the methods Defendants used to contact Plaintiff in pursuing their collection efforts.  Under this view, Plaintiff's state-court claims revolved primarily around written communications whereas the present action involves telephonic communications only.  However, both sets of claims are rooted in the mortgage note and Plaintiff's subsequent default.  Finally, the court is persuaded that the claims would have formed a convenient trial unit.  Given the aforementioned similarities, there is a sufficient overlap of relevant facts and legal issues to warrant a finding that the claim in the instant action should have been brought in the previous action.

Further, this is not a case where the court must probe to determine whether Plaintiff was, or could have been, aware of the present claims when she filed her first suit.  Plaintiff attempted to bring those claims in her first suit when she filed a motion to amend and attached her first proposed amended complaint containing TCPA claims. Plaintiff not only could have raised her TCPA claims in her first complaint, but in fact, proposed to do so.  Plaintiff could have, with reasonable diligence, properly brought her TCPA claims in the first action.  Moreover, the fact that the Lapeer County Circuit court did not consider Plaintiff's TCPA claims is not dispositive.  The doctrine of *res judicata* is not limited to claims that were actually litigated, but rather, allows for the preclusion of any claim, already litigated or not, so long as it arose from the same transaction or course of events as the first action.

7

Plaintiff argues, in the alternative, that *res judicata* should not be applied to the instant case because Defendants waived such a defense "by (1) proposing to the state court that Plaintiff split her claims and (2) acquiescing to Plaintiff filing her TCPA claims in this court."  (Pg ID 410.)  The Restatement (Second) of Judgments § 26(1) states that where "[t]he parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein," *res judicata* does not preclude a subsequent suit on the same cause of action.[1] *See also Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004) ("[W]hen a plaintiff splits her claims and the defendant acquiesces in the claim-splitting, an adverse decision against the plaintiff in the first proceeding will not bar her claim in the second proceeding.").

Defendants did in fact waive their *res judicata* defense.  A review of the state court transcripts plainly reveals Defendants' waiver.  During a January 15, 2013 Lapeer County Circuit Court hearing regarding Plaintiff's motion to amend her complaint, Defendants' proposed that Plaintiff split her claims:

> THE COURT:  [T]he court's general inclination . . . is to allow the [motion] to amend, unless counsel thinks it's going to be futile.
>
> . . .
>
> [DEFENSE COUNSEL]:  One problem with approaching it that way is that there's an injunction in place.  It's now been in place for about seven months.  Per the Court rules, actions are supposed to be resolved within six months following entry of preliminary injunction.  I think there is a cleaner way to do this, and I believe that plaintiff's counsel may agree, that's to bifurcate the two aspects of this action: One which is a challenge to a foreclosure, and the other which is—I'll term it consumer claims.

---

[1] Although the court is cognizant that the Restatement is not Michigan law, the Supreme Court of Michigan cited the draft version of this language with approval.  *See Gose v. Monroe Auto Equip. Co.*, 294 N.W.2d 165, 187 n. 19 (Mich. 1980).

. . .

[PLAINTIFF'S COUNSEL]:   [W]e have no problem bifurcating if the Court
accepts—allows us to—the consumer protection claims, the telephone
consumer protection claims, those can be withdrawn and filed in another
Court if your Honor believes that to be the correct way.

. . .

THE COURT:  Well, this is what the Court is going to do: You [Defense
counsel] file a motion in regard to the issue that you want her [Plaintiff's
counsel] to bifurcate[.]

(Pg ID 491–93.)  Defense counsel did not file a motion to bifurcate.  The court held

another hearing on February 25, 2013 and the bifurcation issue arose again:

[PLAINTIFF'S COUNSEL] : Your honor, it was my understanding the last
time that we were here that you mentioned that you were inclined to grant
our motion to amend the complaint . . .but defendants had mentioned they
wanted to bifurcate the consumer claims against our mortgage claim, the
mortgage claims, to get to rescind the sheriff's deed . . . .[A]nd counsel is
right.  We are going to take out the Telephone Consumer Protection Act
claims only.

(Pg ID 502–04.)

Defendants now make several arguments in attempt to minimize their on-the-

record proposal that Plaintiff split her claims.  None are convincing.  First, Defendants

argues that they "proposed only that the State Court bifurcate Plaintiff's claims

challenging the foreclosure and the consumer claims and put the two sets of claims on

separate schedules."  (Pg ID 542.)  However, as quoted above, Plaintiff stated her

understanding of Defendants' suggestion, that her TCPA claims "can be withdrawn and

filed in another Court."  (Pg ID 493.)  If Plaintiff's understanding of Defendants'

bifurcation proposal was misguided, Defendants could have corrected Plaintiff at that

time.  In fact, Defendants had two opportunities to correct Plaintiff—one at each

9

hearing.  Next, Defendants argue that the "record supports only that Plaintiff decided not to file the TCPA claims in State Court, not that Defendant acquiesced to Plaintiff filing her TCPA claims in this Court." (Pg ID 542 (quotation marks omitted).)  According to this argument, "[w]hether Plaintiff could continue litigating the consumer claims in State Court and litigate the TCPA claim in another court was not presented to Defendants or the State Court." (*Id.*)  But, again, after Defendants proposed bifurcation of Plaintiff's claims, Plaintiff's counsel stated on the record, "we have no problem bifurcating if the Court accepts—allows us to—the consumer protection claims, the telephone consumer protection claims, those can be withdrawn *and filed in another Court* if your Honor believes that to be the correct way."  (Pg ID 493 (emphasis added).)  Defense counsel could have clarified at that time, or at the subsequent February hearing, that Defendants' proposal was not that the TCPA claims could be brought in a different forum but instead that the claims could be brought in a separate state court action.[2]  Defendants missed their opportunity to clarify their claim-splitting proposal, and effectively acquiesced to Plaintiff's interpretation of Defendants' proposal.  The court will not allow Defendants' gamesmanship.

_____

[2] Defendants also argue that "Plaintiff must show Defendants intentionally relinquished a known right to establish Defendants waived their *res judicata* defense." (Pg ID 543 (emphasis added).)  The court notes that the cases Defendants cite on this point all involve contract disputes and are inapposite.  Assuming, however, that these cases are applicable, Defendants still cannot prevail.  It is true that "a waiver is a voluntary and intentional abandonment of a known right."  *Quality Prods. & Concepts, Co. v. Nagel Precision, Inc.*, 666 N.W.2d 251, 258 (Mich. 2003).  However, "[w]aiver may be shown by proof of express language of agreement or inferably established by such declaration, act, and conduct of the party against whom it is claimed."  *Angott v. Chubb Grp. Ins.*, 717 N.W.2d 341, 345 (Mich. App. 2006).  Defendants' proposal that Plaintiff bifurcate her claims constitutes conduct evincing voluntary abandonment of a known right to have all of Plaintiff's claims filed against Defendants in one action.

## IV.  CONCLUSION

Defendants waived their *res judicata* defense when they proposed that Plaintiff split her claims.  Accordingly,

IT IS ORDERED that Defendant's motion to dismiss [Dkt. # 28] is DENIED.


 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 3, 2013


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 3, 2013, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522