UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON GLASSBROOK,

    Plaintiff,

v.                                          Case No. 13-10152

ROSE ACCEPTANCE, INC., et al.,

    Defendants.
                                      /

**OPINION AND ORDER
DENYING DEFENDANTS' MOTION FOR RECONSIDERATION,
DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE, STRIKING PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION,
AND DIRECTING THE PARTIES TO FILE A RULE 26(f) DISCOVERY PLAN**

      Plaintiff Sharon Glassbrook sued First National Bank of America ("FNBA") and its wholly owned subsidiary, Rose Acceptance, Inc. ("Rose") alleging two counts: (i) willful or knowing violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and (ii) "not willful or knowing" violations of the TCPA. On December 3, 2014, the court issued an opinion and order denying Defendants' motion to dismiss the complaint. Thereafter, Defendants filed an answer to Plaintiff's amended complaint and moved for reconsideration of the court's order. On January 2, 2014, Plaintiff filed a "Motion for Leave to File a Response in Opposition to Defendants' Motion for Reconsideration" (hereinafter "Plaintiff's motion for leave"). That same day Plaintiff also filed a response

to Defendants' motion for reconsideration. Subsequently, on January 14, 2014, Defendants filed a response to Plaintiff's motion for leave.[1]

For the following reasons, Defendants' motion for reconsideration will be denied, Plaintiff's motion for leave will be denied as moot, and Plaintiff's response to Defendants' motion for reconsideration will be stricken as procedurally improper. The court will also direct the parties to confer pursuant to Federal Rule of Civil Procedure 26, and file a joint Rule 26(f) discovery plan by February 10, 2014. Finally, by separate order, the court will refer this case to United States Magistrate Judge Michael J. Hluchaniuk for case management, including the crafting of a case management order.

## I. BACKGROUND

The complete background is fully set forth in the court's order denying Defendants' motion to dismiss the complaint and will not be repeated here. In short, Plaintiff and FNBA entered into a mortgage agreement for the purchase of a home on December 26, 2007. In late May of 2010, FNBA allegedly assigned the mortgage to Rose but no record of such an assignment has been provided. Plaintiff became

---

[1] A December 16, 2014 order stated "that all deadlines and motion practice are SUSPENDED pending further order of the court." (Pg. ID # 777.) As explained in that order, during a December 11, 2013 status conference, Defendants contended that they had not, in any way, violated the TCPA, with respect to the telephone number alleged in Plaintiff's complaint, XXX-XXX-1158. Specifically, Defendants asserted that any calls made to XXX-XXX-1158 were manual calls and no automatic telephone dialing system was used. The court was under the impression that counsel had agreed to work cooperatively to determine the accuracy of Defendants' contention and that there was a simple, inexpensive factual assessment about the phone log to be made. In view of the recent filings, it is clear that there is no need to carry on that discussion.

delinquent on her monthly payments, and, ultimately, on July 27, 2011, the property was sold at a foreclosure sale.

On May 18, 2012, Plaintiff sued Defendants in Lapeer County Circuit Court alleging nine counts: (i) violations of the Michigan Foreclosure by Advertisement Act, (ii) violations of the Michigan Occupational Code, (iii) violations of the Fair Debt Collection Practices Act, (iv) violations of the Michigan Regulation of Collection Practices Act, (v) promissory estoppel, (vi) injunctive relief, (vii) quiet title, (viii) declaratory relief, and (ix) breach of contract. On December 11, 2012, Plaintiff filed a motion requesting, among other things, to amend her complaint, and attached a proposed first amended complaint containing two additional counts: violations of the TCPA (willful or knowing), and violations of the TCPA (not willful or knowing). However, before filing her proposed first amended complaint, on February 24, 2013, Plaintiff withdrew her TCPA allegations. On August 15, 2013, the Lapeer County Circuit Court granted Defendants' motion for summary disposition and dismissed Plaintiff's case with prejudice.

Prior to the Lapeer County Circuit Court's dismissal, on January 15, 2013, Plaintiff initiated the present action in federal court. Plaintiff's two claims are nearly identical to the two claims she withdrew from her proposed first amended Lapeer County Circuit Court complaint.

On August 30, 2013, Defendants moved to dismiss the complaint asserting that *res judicata* bars Plaintiff's claims. The court denied Defendants' motion to dismiss on December 3, 2014.

3

## II. DISCUSSION

A motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled," and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

Under Michigan law, *res judicata* bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004). Ordinarily, as discussed in the court's order denying Defendants' motion to dismiss, the doctrine would bar Plaintiff's TCPA claims in the present case. However, the Restatement (Second) of Judgments § 26(1) states that where "[t]he parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein," *res judicata* does not preclude a subsequent suit on the same cause of action.[2] *See also Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004) ("[W]hen a plaintiff splits her claims and the defendant acquiesces in the claim-splitting, an adverse decision against the plaintiff in the first proceeding will not bar her claim in the second proceeding."). In its earlier order, the court concluded that Defendants missed two opportunities to clarify their

---

[2] Although the court is cognizant that the Restatement is not Michigan law, the Supreme Court of Michigan cited the draft version of this language with approval. *See Gose v. Monroe Auto Equip. Co.*, 294 N.W.2d 165, 187 n. 19 (Mich. 1980).

claim-splitting proposal, and effectively acquiesced to Plaintiff's interpretation of Defendants' proposal. Thus, after reviewing the state court transcripts, the court ruled that, based on the Rule 12(b)(6) materials, Defendants waived their *res judicata* defense.

Defendants now state that they "bring this Motion [for reconsideration] because in reaching the conclusions set forth in its order, the Court does not appear to have considered correspondence between the respective attorneys in the related state court action." (Pg. ID # 809.) According to Defendants argument, "[t]hat correspondence confirms that Plaintiff . . . did not rely upon any statements of acquiescence by Defendants about 'bifurcation' of any claims." (Pg. ID # 809–10.)

At the motion to dismiss stage, however, the court may not consider the parties' correspondence. "In determining whether to grant a [motion to dismiss], the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (quotation marks, citation, and emphasis omitted). Moreover, the Sixth Circuit has stated that "[a] court may consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion." *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (internal citation omitted); *see also Plassman v. City of Wauseon*, 85 F.3d 629 (6th Cir. 1996) ("[A]ny federal court may take judicial notice of the proceedings in other courts of record."). Thus, in its earlier order, the court considered the various documents from the related state court case that Defendants attached to their motion to dismiss. However, the court cannot properly consider the parties' email

5

correspondence. *See, e.g., Blesedell v. Chillicothe Tel. Co.*, 2:13-CV-451, 2013 WL 6096329, at *5 (S.D. Ohio Nov. 19, 2013) ("This e-mail correspondence constitutes matters outside the pleadings which may not be considered by this court in ruling on a motion to dismiss.").

Further, although the court is not convinced that the parties' correspondence would alter the court's analysis, Defendants are free to raise this argument at the summary judgment stage. At most, Defendants may have pointed to a defect in the court's analysis suggesting that they did not in fact waive their *res judicata* defense. However, a "movant must not only demonstrate a palpable defect . . . but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Defendants have not met their burden because the court cannot properly consider the evidence they point to at this stage of the litigation. As such, the alleged defect does not alter the outcome of the motion. Because Defendants have not identified any defect in the court's analysis which would lead to an outcome in their favor, Defendants' motion for reconsideration will be denied.

After Defendants' filed their motion for reconsideration, Plaintiff filed a "Motion for Leave to File a Response in Opposition to Defendants' Motion for Reconsideration" and, on the same day, a response to Defendants' motion. Later, Defendants filed a response to Plaintiff's motion for leave. Because this order resolves the motion for reconsideration, Plaintiff's motion for leave will be denied as moot. Further, because a Plaintiff cannot respond to a motion for reconsideration without consent or leave of court, *see* E.D. Mich. LR 7.1(h)(3), Plaintiff's response to Defendants' motion for reconsideration will be stricken as procedurally improper.

## IV.  CONCLUSION

IT IS ORDERED that Defendants' motion for reconsideration [Dkt. # 48] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for leave [Dkt. # 49] is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's response to Defendants' motion for reconsideration [Dkt. # 50] is hereby STRICKEN as procedurally improper from the docket of this court.

Finally, IT IS ORDERED that the parties are DIRECTED to confer pursuant to Rule 26, and file a joint Rule 26(f) discovery plan by **February 11, 2014.**

By separate order, the court will refer this case to United States Magistrate Judge Michael J. Hluchaniuk for case management, including the crafting of a case management order.

    s/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated:  February 5, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 5, 2014, by electronic and/or ordinary mail.

    s/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522