UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON GLASSBROOK,                          Case No. 13-10152

             Plaintiff,             Robert H. Cleland
v.                                          United States District Judge

ROSE ACCEPTANCE, INC., *et al*,             Michael Hluchaniuk
                                            United States Magistrate Judge

             Defendants.
_____/

**REPORT AND RECOMMENDATION**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 77)**

## I.    PROCEDURAL HISTORY

Defendants filed a motion for summary judgment on July 11, 2014.  (Dkt.

77).  Plaintiff filed a response on August 4, 2014.  (Dkt. 79).  On August 18, 2014,

defendants filed reply.  (Dkt. 85).  The parties filed their joint statement on

October 8, 2014.  (Dkt. 93).  Counsel for plaintiff filed a Rule 56(d) affidavit

asserting plaintiff's need for additional discovery in order to satisfy her burden to

demonstrate a genuine issue of material fact and successfully oppose defendants'

motion for summary judgment.  (Dkt. 81).

Pursuant to notice, on October 15, 2014, the Court held a hearing on

defendants' motion for summary judgment.  (Dkt. 82).  At the hearing, the Court

also took argument on the plaintiff's claimed need for discovery pursuant to Rule

56(d).  While plaintiff maintained that she created a question of fact with the evidence presented, she also claimed a need to conduct additional discovery.

Based on the plaintiff's expert's affidavit (Dkt. 79-10), which explained how a full analysis of the call detail records could objectively reveal if an automatic telephone dialing system had been used to place automatically dialed telephone calls to plaintiff, the Court allowed plaintiff additional opportunity to discover all the outgoing phone numbers defendants used in an attempt to call plaintiff during the relevant time period of December 6, 2010 and December 29, 2011.  Additionally, the Court permitted plaintiff time thereafter to issue subpoenas to the appropriate telephone carriers.  Pursuant to the schedule set by the Court for supplemental briefs on the pending motion for summary judgment based on this discovery, plaintiff submitted a supplemental brief in support of its response to defendant's motion for summary judgment and defendant submitted a supplemental reply to plaintiff's supplemental response regarding summary judgment.  (Dkts. 108, 109).[1]

For the reasons set forth below, the undersigned recommends that defendant's motion for summary judgment be **GRANTED** and plaintiff's

---

[1] Plaintiff also submitted a second supplemental brief in response to defendant's motion for summary judgment, but, because such a filing was not permitted by the Court's order and did not contain arguments or evidence derived from the supplemental discovery that justified the supplemental briefing, the Court struck the submitted brief.  (Dkts. 110, 112).

complaint be **DISMISSED**.

## II.   FACTUAL BACKGROUND AND PARTIES' ARGUMENTS

This case relates to calls made by defendant to plaintiff's government-issued Safelink mobile phone regarding her default on a mortgage loan issued by defendant.  (Dkt. 79).  According to plaintiff, defendant's calls to plaintiff's mobile phone violated the TCPA because they were made with an automatic telephone dialing system ("ATDS") and left prerecorded messages.  *Id*.  Defendant acknowledges that it called plaintiff's mobile phone by way of manual dialing or its click to dial ("Weber") system, but maintains that it never called or left prerecorded messages on plaintiff's mobile phone using an ATDS.  (Dkts. 77, 85, 109). In support of this assertion, defendant cites evidence that

- phone numbers had to be manually entered into its ATDS system,[2] known as Touchstar; (Dkt. 77-2)

- based on a query of defendant's Touchstar records, plaintiff's phone number had not been entered into or called from Touchstar; (Dkt. 77-11)

- Touchstar was the only technology employed by defendant capable of leaving a prerecorded message; (Dkt. 77-8, 77-9)

- defendant's call records designate a code (TS) for calls made by Touchstar; (Dkt. 77-8)

---

[2] Defendant disputes that its Touchstar system is an ATDS, as defined by the TCPA, but, according to defendant, the court need not address this issue because there is no genuine issue as to whether defendant used Touchstar to call plaintiff's mobile phone.  Additionally, according to defendant, plaintiff concedes that defendant's other methods of calling plaintiff, e.g., manual dialing and Weber system, were not ATDS.  (Dkt. 77-17).

3

- records of calls from defendant to plaintiff's mobile phone do not reflect the TS code. (Dkt. 77-8, 77-13)

Plaintiff concedes that the records yielded from the additional discovery permitted by the Court do not substantiate her TCPA claim. (Dkt. 108). Nevertheless, plaintiff argues that substantial evidence supports her claim, thereby creating a genuine issue of material fact to be resolved by a jury. Specifically, plaintiff argues that

- defendant's own collections manual provides that autodialed calls would have been made to plaintiff as a routine part of the collections process; (Dkt. 108-4)

- defendant's employees testified that the Touchstar system was used daily; (Dkt. 108-3)

- other witnesses testified to receiving autodialed calls and prerecorded messages from defendant on their mobile phones; (Dkt. 108-7, 108-8)

Defendant acknowledges that its collection activity process includes the routine use of the Touchstar system, but it emphasizes that telephone numbers must be manually uploaded, or input, into the Touchstar system, that, in doing so, defendant's collection representatives manually designate only the telephone number identified by the debtor as the best number at which to reach him or her, mobile telephone numbers are only manually entered into the Touchstar system if the debtor designates it as the best way to be reached, thereby giving consent to be autodialed on it, and, if no number is identified by the debtor as the best one at

4

which to reach him or her, then all of the debtor's telephone numbers would be manually dialed. (Dkt. 109-5). According to defendant, its routine use of the Touchstar system as part of its collection activity process, does not in anyway contradict its adduced evidence that it never used the Touchstar system to dial plaintiff's mobile phone, and, correlatively, does not create a genuine issue of material fact as to whether defendant used Touchstar to dial plaintiff's mobile phone. (Dkt. 109).

Additionally, defendant refutes plaintiff's claim that the testimony of Stephanie Renshaw corroborates plaintiff's testimony that she received illegal autodialed calls and prerecorded messages on her mobile phone. (Dkt. 109). First, Ms. Renshaw testified that the prerecorded message she received on her mobile phone prompted her to press 1 wherein she was immediately connected to defendant's representative; Ms. Renshwaw did not testify to holding for several minutes after hearing the prerecorded "please hold for an important message from First National Bank," as plaintiff testifies she was. (Dkt. 109-7). Defendant argues that Ms. Renshaw's testimony does not contradict defendant's evidence that plaintiff's mobile phone number was not called by Touchstar, even if it creates an inference that Ms. Renshaw's mobile phone was so dialed. Defendant asserts that telephone numbers are manually entered into the Touchstar system based on the number identified by the individual debtor as the best one to reach

him or her; hence, even if Ms. Renshaw's mobile telephone number (or that of any
of defendant's borrowers) was input into and called by defendant's Touchstar
system, it does not create a genuine issue of material fact with respect to plaintiff's
allegations.  (Dkt. 109).

## III.   ANALYSIS AND CONCLUSION

Defendant seeks summary judgment on plaintiff's TCPA claim arguing that
it never automatically dialed or left a prerecorded message on her mobile
telephone. The Court begins with a discussion of the summary judgment standard
and then discusses the relevant sections of the TCPA.

Summary judgment is appropriate only when there is "no genuine issue as to
any material fact and the moving party is entitled to judgment as a matter of law."
Fed.R.Civ.P. 56(c). The central inquiry is "whether the evidence presents a
sufficient disagreement to require submission to a jury or whether it is so
one-sided that one party must prevail as a matter of law." *Anderson v. Liberty
Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Rule 56(c) mandates summary
judgment against a party who fails to establish the existence of an element
essential to the party's case and on which that party bears the burden of proof at
trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

The moving party bears the initial burden of showing the absence of a
genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the moving party

meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). When the moving party has met its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. "If the factual context renders [Plaintiff's] claim implausible . . . [Plaintiff] must come forward with more persuasive evidence to support [her] claim than would otherwise be necessary." *Id.* at 587. There must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

Plaintiff alleges that defendant violated the TCPA by initiating telephone calls to plaintiff's mobile phone using an automatic telephone dialing system without her consent. Section 227(b)(1) of the TCPA provides in pertinent part that:

> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-
>
> (A) to make any call (other than a call for emergency

7

purposes or made with the prior express consent of the
called party) using any automatic telephone dialing
system or an artificial or prerecorded voice-

> (iii) to any telephone number assigned to a
> paging service, *cellular telephone service*,
> specialized mobile radio service, or other
> radio common carrier service, or any service
> for which the called party is charged for the
> call;

47 U.S.C. § 227(b)(1) (emphasis added).  To state a claim under the TCPA for

calls made to a cellular phone, a plaintiff must establish that: (1) a call was placed

to a cell or wireless phone, (2) by the use of any automatic dialing system and/or

leaving an artificial or prerecorded message, and (3) without prior consent of the

recipient.  47 U.S.C. § 227(b)(1)(A).  *Pugliese v. Prof'l Recovery Serv., Inc.*, 2010

WL 2632562, at *6-7 (E.D. Mich. June 29, 2010).

As noted above, in support of its motion for summary judgment, defendant

adduced evidence, in the form of deposition testimony, call logs, and a

documented query of defendant's ATDS records, that defendant's ATDS did not

contain plaintiff's mobile telephone number and thus did not and could not have

dialed it.  (Dkts. 77-2, 77-8, 77-9, 77-11, 77-13).  The undersigned finds that

defendant has met the initial burden of showing the absence of a genuine issue

regarding its use of an ATDS to call plaintiff's mobile phone.

Plaintiff counters defendant's evidence with her own testimony that she

8

received several calls with a prerecorded message asking her to hold for a representative from defendant on her mobile phone.  Plaintiff also argues a that defendant's acknowledged practice of routinely autodialing debtors in default as part of its collection practices and the testimony of another debtor who received automated calls from defendant on her mobile phone create a genuine issue of material fact as to whether defendant used an ATDS to call plaintiff.  Additional discovery, which plaintiff argued would objectively corroborate her assertion that defendant had indeed employed its ATDS in calling plaintiff's mobile phone, failed to substantiate plaintiff's allegations.

The undersigned is not persuaded that plaintiff has met her obligation under *Matsushita* to show specific facts upon which a jury could reasonably rely in finding for her.  First, plaintiff's self-serving testimony, which is directly refuted by defendant's records, is not sufficient to create a genuine issue of material fact. *Miller v. Asset Acceptance LLC*, 2013 WL 2295437 at *3 (E.D. Mich. May 24, 2013) (citing *Toma v. General Revenue Corp.*, 2008 WL 302378 at *3 (E.D. Mich. Feb. 1, 2008)).

Furthermore, contrary to plaintiff's assertion, defendant's routine practice of employing its Touchstar system in its efforts to collect from debtors in default does not give rise to a reasonable inference that defendant employed this method as part of its efforts to collect from plaintiff. Although plaintiff correctly points out

9

that it is entitled to "all justifiable inferences" in its favor, *Liberty Lobby*, 477 U.S. at 255, "for an inference to be permissible it must be reasonable, and whether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary." *Aetna Cas. & Sur. Co. v. Dow Chem. Co.*, 10 F. Supp. 2d 771, 793 (E.D. Mich. 1998).

Defendant has advanced undisputed evidence that telephone numbers must be manually entered into the Touchstar system, that defendant's representatives only enter the telephone number identified by the debtor as the best one by which to reach him or her, and, that in instances where no such number has been identified by a debtor, all of the debtor's telephone numbers will be manually dialed. (Dkt. 109-5). Additionally, defendant has produced documents demonstrating that plaintiff's mobile telephone number was never entered into Touchstar and none of defendant's outgoing calls to plaintiff were made by Touchstar. (Dkt. 77-11, 77-13). Even if defendant's general practice of contacting borrowers in default by way of the Touchstar system could give rise to an inference that defendant used Touchstar to call plaintiff's mobile phone, in light of the specific evidence of defendant's individual management of telephone numbers entered into the Touchstar system, the absence of plaintiff's mobile phone number in the Touchstar records and the corresponding absence of the Touchstar code on the record of defendant's outgoing calls to plaintiff, such an

10

inference would not be reasonable and would not prevent summary judgment in favor of defendant. Likewise, any inference that defendant autodialed plaintiff based on the testimony of other borrowers who received autodialed calls from defendant would not be reasonable in light the competing evidence that defendant manually designates the borrower's phone number to be autodialed on a case-by-case basis as dictated by an individual borrower's preference.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned finds plaintiff has not met her burden to show the existence of a genuine issue of material fact and thus **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED** and this cause of action be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

11

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 11, 2015                    s/Michael Hluchaniuk
                                            Michael Hluchaniuk
                                            United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on September 11, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                            s/Tammy Hallwood
                                            Case Manager
                                            (810) 341-7887
                                            tammy_hallwood@mied.uscourts.gov